IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRION STUBBLEFIELD, | § | |
| TDCJ #936777, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1378 |
| | § | |
| DOUG DRETKE, *et al.*, | § | |
|     Defendants. | § | |

## ORDER TO TRANSFER

Plaintiff Darrion Stubblefield (TDCJ #936777) is a state inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Stubblefield has filed a *pro se* complaint which appears to allege violations of his civil rights. For reasons outlined briefly below, the Court concludes that this case must be transferred to a more appropriate venue.

Stubblefield is presently incarcerated at the Terrell Unit, which is located in Brazoria County. Stubblefield complains that a poorly trained correctional officer at the Terrell Unit wrongfully confiscated items of his personal property. Brazoria County is located within the Southern District of Texas, Galveston Division. *See* 28 U.S.C. § 124(b)(1). Because the alleged civil rights violation occurred, if at all, in Brazoria County, where the plaintiff, most of the potential defendants, and the witnesses reside, the Houston Division is not the proper venue for plaintiff's claims. *See Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406 (providing that a district court may dismiss a case improperly filed in the wrong district or division or, in the interest of justice, transfer the case to any district or division in which it could have been brought). A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.), *cert. denied*, 526 U.S. 1157 (1999). Because the plaintiff's claims against the defendants in this case allegedly arose in Brazoria County and have no ties to Houston, the Court concludes that these claims are more appropriately addressed in the Southern District of Texas, Galveston Division.

Accordingly, in the interest of justice and for the convenience of the parties and witnesses, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the United States District Court for the Southern District of Texas, Galveston Division, pursuant to 28 U.S.C. §§ 1391, 1404(a).

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **April 24, 2006.**

_____
Nancy F. Atlas
United States District Judge